**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CRYSTAL EVANS,<br>*Plaintiff*,<br>v.<br><br>WAL-MART STORES et al.,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-00233-TRM-CHS |

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff Crystal Evans, *pro se*, has applied to proceed *in forma pauperis* in this action. [Docs. 1, 8]. This Court has the responsibility to screen all actions filed by plaintiffs seeking to proceed *in forma pauperis*—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A and 1915(e)(2). For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

### II. Background

Plaintiff filed her Complaint on July 18, 2025, alleging Defendants subjected her to a hostile work environment. [Doc. 2]. Plaintiff's EEOC Right to Sue Letter is attached to her Complaint. [*See* Doc. 2 at 4]. In its entirety, Plaintiff's claim statement provides:[1]

> Micha Crosby – verbally harassed me and cussed me out
> Megan – refused to write incident report on me
> Crystal Causby – manuipulated my attendance points to fire me while I was disabled
> Workload was different than other employees
> Amy (SM) created a hostile work environment for me would not accommodate to work restrictions or doctor appointment got removed off schedule for reporting to corporate. Causing me stress and a hostile work environment. I had to sign

[1] For simplicity, the Court will not flag all of the grammatical/spelling errors in Plaintiff's claim statement.

> Temporary Alternative Duty Assignment to keep my job. I received points for going to my work related injury Doctor appointments. I would like Justice.

[*Id.* at 2]. For relief, Plaintiff requests "more work training for staff in management" and "compensation." [*Id.* at 3].

## III. Discussion

### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in her complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555 (cleaned up)). Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Id*. (brackets in original) (quoting *Twombly*, 550 U.S at 557). Rather, the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B. Analysis**

Plaintiff does not specify what statute her hostile work environment claim arises under. However, the Court will assume *arguendo* that a liberal construction of her complaint sufficiently puts Defendants on notice that this suit is under the Americans with Disabilities Act ("ADA").

"To state a claim of disability discrimination under the ADA, a plaintiff 'must plead facts that make plausible the inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation,' and (3) she suffered an adverse employment action because of her disability." *Hazen v. Cleveland Clinic Found.*, No. 1:21-CV-01965, 2022 WL 3083027, at *4 (N.D. Ohio July 29, 2022) (quoting *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020)). However, Plaintiff has failed to properly plead that she is disabled.

> The ADA and the Rehabilitation Act define a disability as a physical or mental impairment that substantially limits one or more major life activities. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not state a claim that can survive a motion to dismiss.

*Fritz v. Michigan*, 747 F. App'x 402, 405 (6th Cir. 2018).

In *Fritz*, the plaintiff stated that she had a "diagnosed invisible disability which substantially limits her major life activities." *Id.* The Sixth Circuit said that the plaintiff "did not plausibly allege a cognizable disability," calling her statement of disability "a quintessential threadbare recital." *Id.* (cleaned up).

Here, Plaintiff states even less about her disability than the plaintiff in *Fritz*. Her only germane statements are that she "was disabled" and had "[d]octor appointments" for an injury.

[Doc. 2 at 2]. Plaintiff's threadbare recitals regarding her disability are insufficient to state a claim under the ADA. Therefore, Plaintiff's claim will not survive screening.

## IV. CONCLUSION

For the reasons stated herein, it is hereby **RECOMMENDED**[2] that Plaintiff's claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).