**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CRYSTAL EVANS,<br><br>*Plaintiff*,<br><br>v.<br><br>WAL-MART STORES, *et al.*,<br><br>*Defendants*. | ) | Case No. 1:25-cv-233<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

# ORDER

Before the Court is Plaintiff Crystal Evans's objection (Doc. 10) to Magistrate Judge Christopher H. Steger's report and recommendations (Doc. 9). For the following reasons, the Court **OVERRULES** Evans's objections and **ADOPTS IN PART** Magistrate Judge Steger's well-reasoned report and recommendations pursuant to 125cv2333 (Doc. 9).

Evans filed her complaint in this action on July 18, 2025, along with a motion for leave to proceed in forma pauperis. (Docs. 1, 2.) Pursuant to 28 U.S.C. § 1915(e), Magistrate Judge Steger screened Evans's complaint to determine whether this action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. On August 3, 2026, Magistrate Judge Steger filed his report and recommendation (Doc. 9), finding that Evans's complaint failed to comply with Federal Rule of Civil Procedure 8(a)'s requirement that the complaint "contain a short and plain statement of the claim showing that the pleader is entitled to relief." As a result, Magistrate Judge Steger recommended that this action be dismissed without prejudice. (*Id.*) On August 21,

2026, Evans filed a response to the report and recommendations, which the Court construes as an objection to the report and recommendation. (Doc. 10.)

This Court must conduct a de novo review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). Although the Court is required to engage in a de novo review of specific objections, if the objections merely restate the arguments asserted in a defendant's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Although Evans has filed an objection to Magistrate Judge Steger's report and recommendation, her objection fails to clarify her allegations or specify how her allegations state a claim for relief. (*See generally* Doc. 10.) The Court's independent review of Evans's complaint and Magistrate Judge Steger's report and recommendation confirms that the background set forth in the report and recommendation, including the summary of Evans's allegations, is accurate. Accordingly, for the purposes of reviewing Plaintiff's objections to Magistrate Judge Steger's report and recommendation, the Court **ADOPTS BY REFERENCE** the factual and procedural background set forth in the report and recommendation (Doc. 9).

Additionally, Evans has failed to provide specific objections to the report and recommendation. Instead, her response is devoted to supplementing the factual background for

the claims made in the complaint and certifying the truthfulness of the information provided to the court. (*See generally* Doc. 10.) The response fails to show how the allegations in her complaint state a claim for relief. Therefore, the objections are "not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver*, 304 F. Supp. 2d at 937. After independently reviewing Evans's complaint, the record, and the report and recommendation, the Court agrees with Magistrate Judge Steger's well-reasoned conclusions. Nonetheless, given Evans's general allegations regarding a workplace injury and disability discrimination, the Court will permit Evans to file an amended complaint on or before September 18, 2026.

For the reasons stated herein, the Court hereby: (1) **ACCEPTS** and **ADOPTS IN PART** Magistrate Judge Steger's report and recommendation (Doc. 9) pursuant to 28 U.S.C. § 636(b)(1); (2) **OVERRULES** Evans's objections to Magistrate Judge Steger's report and recommendation; and (3) **ORDERS** Evans to file an amended complaint on or before **September 18, 2026**. The amended complaint shall specifically identify the claims she is asserting against Defendants and the factual allegations supporting each of those claims. Evans is hereby **ON NOTICE** that failure to file an amended complaint on or before **September 18, 2026**, will result in her case being dismissed without prejudice for failure to prosecute.

**SO ORDERED**.

/s/ ***Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**